**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NO. 1:25-cv-1699

**GREGORY BROWN**, on behalf of himself
and others similarly situated,

Plaintiff,

v.

**CAESARS ENTERTAINMENT, INC.**,
c/o Corporation Service Company
112 North Curry Street,
Carson City, NV 89703

Defendant.

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND COLORADO LAW**

Named Plaintiff Gregory Brown ("Named Plaintiff") hereby files his Collective and Class Action Complaint against Defendant Caesars Entertainment, Inc. ("Defendant") for its failure to pay employees' overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 CCR §§ 1103-1, *et seq.*; and the Colorado Wage Act, C.R.S. §§ 8-4-101 ("CWA"), *et seq.* (the COMPS Order and CWA will be referred to collectively as "the Colorado Acts"). Named Plaintiff's FLSA claims are brought as a collective action pursuant to 29 U.S.C. § 216(b). Named Plaintiff's claims under the Colorado Acts are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individual and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Colorado Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Colorado over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to these claims occurred in the District of Colorado and Defendant has conducted substantial business in the District of Colorado.

## II. PARTIES

### A. Named Plaintiff

4. Named Plaintiff Gregory Brown is an individual, a United States citizen, and a resident of Colorado.

5. Named Plaintiff worked for Defendant at its Isle of Capri casino in Black Hawk, Colorado as an hourly, non-exempt employee as defined in the FLSA and the Colorado Acts primarily in the position of Slot Attendant from approximately September 2023 to March 2025.

6. At all relevant times, Named Plaintiff has primarily performed non-exempt duties for Defendant.

7. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

### B. Defendant

8. Defendant is a for-profit foreign corporation registered to conduct business in

Nevada. Defendant operates numerous casinos across Colorado and the United States. Defendant is an entertainment company that specializes in owning and operating casinos, resorts, and other facilities across the country.

8. At all relevant times, Defendant has been an "employer" as a single integrated enterprise and/or joint employer of Named Plaintiff and other similarly situated employees as the FLSA and the Colorado Acts define that term because it operates numerous locations with interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

9. Because the work performed by Named Plaintiff and other similarly situated employees benefited Defendant and directly or indirectly furthered its interests, Defendant is an employer (or joint employer) of Named Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

10. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

11. At all relevant times, Defendant has determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees of Defendant. In so doing, Defendant is responsible for the human resources decision-making processes, including material terms and conditions of employment and other human resource operations, for Named Plaintiff and those similarly situated.

14. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment. At all relevant times, Defendant

has exercised that authority and control over Named Plaintiff and other similarly situated employees.

15. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

16. At all relevant times, Defendant has suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

17. During all relevant times, Defendant has maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including promulgating and enforcing policies affecting wages and overtime payment.

18. Named Plaintiff brings this action on behalf of himself and those similarly situated.

19. Upon information and belief, Defendant has applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to payment of and compliance with the FLSA and the Colorado Acts (as applicable), including overtime wages, timekeeping, maintenance of records, etc.

20. Based on information and belief, Defendant's annual gross volume of sales or business is not less than $500,000 (exclusive of excise taxes at the retail level).

21. Based on information and belief, Defendant has been aware at all relevant times that it was legally required to comply with the wage and overtime laws of the United States and the State of Colorado.

## III. FACTUAL ALLEGATIONS

22. Defendant is an entertainment company that specializes in owning and operating casinos, resorts, and other facilities across the country.

23. At all times relevant, Named Plaintiff and other similarly situated employees have been "employees" as defined in the FLSA and the Colorado Acts.

24. Named Plaintiff and other similarly situated employees have worked, or were scheduled to work, forty (40) or more hours in one or more workweek(s) during the three (3) years immediately preceding the filing of this Complaint.

25. Named Plaintiff and other similarly situated employees frequently reported to work and began working before the scheduled start of their shifts.

26. Although Named Plaintiff and other similarly situated hourly employees reported to work and began performing integral and indispensable job duties before the scheduled start of their shifts, they were not fully and properly paid for all compensable time worked because Defendant maintained an unlawful policy or practice of rounding its employees' hours worked down in Defendant's favor or otherwise reducing employees' total hours worked ("Time Rounding Practice").

27. Defendant has applied its Time Rounding Practice to systematically round employees' compensable worktime down in Defendant's favor. Defendant's Time Rounding Practice results, over a period of time, in a failure to compensate its employees for all the time that they actually worked in violation of the FLSA and the Colorado Acts.

28. Defendant's Time Rounding Practice, as alleged herein, has denied Named Plaintiff and those similarly situated employees compensable overtime hours and compensation to which they were entitled.

29. During relevant times, Defendant has had knowledge of and acted willfully regarding its conduct described herein. Defendant knew that Named Plaintiff and others similarly situated worked overtime without compensation for all overtime hours worked.

30. Upon information and belief, Defendant has applied these same policies to all of its hourly employees.

31. As a result of Defendant's companywide policy and/or practice of rounding its hourly employees' hours worked consistently to their detriment, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated employees for all hours worked.

## IV. FLSA COLLECTIVE ACTION ALLEGATIONS

32. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated hourly employees of the opt-in collective, consisting of the following:

> **All of Defendant's current and former hourly employees who worked 40 or more hours during a workweek and were subjected to time rounding beginning 3 years before the filing date of the Complaint and continuing through the final disposition of this case (the "FLSA Collective" or the "Potential FLSA Collective Members").**

33. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Named Plaintiff, numerous current and former hourly employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiff is representative of the FLSA Collective and acting on behalf of their interests as well as his own in bringing this action.

34. These similarly situated employees are known to Defendant and are readily

identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## V. COLORADO CLASS ACTION ALLEGATIONS

35. Named Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of himself and all other current or former hourly employees of the class, consisting of the following:

> **All current and former hourly, non-exempt employees of Defendant in Colorado who (a) worked at least forty (40) hours in any workweek and/or (b) worked at least 12 consecutive hours without regard to the start and end time of the workday and were subjected to Defendant's rounding policy or practice described herein beginning three (3) years prior to the filing date of this Complaint and continuing through the final disposition of this case (the "Colorado Rule 23 Class" or the "Colorado Rule 23 Class Members")**

35. During relevant times, Named Plaintiff and the Colorado Rule 23 Class Members have been denied overtime compensation due to Defendant's companywide payroll policies and/or practices of not fully and properly compensating its employees all overtime compensation as outlined above when they worked forty (40) or more hours in one or more workweek(s). Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

36. The Colorado Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

37. Named Plaintiff is a member of the Colorado Rule 23 Class, whose claims for unpaid wages are typical of the claims of other members of the Colorado Rule 23 Class.

38. Named Plaintiff will fairly and adequately represent the Colorado Rule 23 Class and the interests of all members of the Colorado Rule 23 Class.

39. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Colorado Rule 23 Class that he has undertaken to represent.

40. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Colorado Rule 23 Class.

41. Questions of law and fact are common to the Colorado Rule 23 Class.

42. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

43. Class certification is appropriate under Rule 23(b)(2), as Defendant acted or refused to act on grounds generally applicable to the Colorado Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Colorado Rule 23 Class as a whole.

44. Class certification is appropriate under Rule 23(b)(3), as the questions of law and facts common to the Colorado Rule 23 Class predominate over questions affecting individual members of the Colorado Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

45. Questions of law and fact that are common to the Colorado Rule 23 Class include but are not limited to (a) whether Defendant violated the Colorado Acts by failing to pay the Colorado Rule 23 Class Members for all hours worked in excess of forty (40) hours per workweek because of Defendant's rounding policies and practices described herein, (b) whether Defendant's violations of the Colorado Acts were knowing and willful, (c) what amount of unpaid and/or

withheld overtime compensation is due to Named Plaintiff and other members of the Colorado Rule 23 Class on account of Defendant's violations of the Colorado Acts, and (d) what amount of prejudgment interest is due to the Colorado Rule 23 Class Members on overtime or other compensation that was withheld or otherwise not paid to them.

46. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Colorado Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Colorado litigation on behalf of the Colorado Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

47. All of the preceding paragraphs are realleged as if fully rewritten herein.

48. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

49. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

50. During the three (3) years preceding the filing of the Complaint, Defendant employed Named Plaintiff and the Potential FLSA Collective Members.

51. Named Plaintiff and the Potential FLSA Collective Members regularly worked in excess of forty (40) hours in various workweeks.

52. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them overtime wages for all overtime hours worked because of Defendant's policies and/or practices described above.

53. Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

54. Named Plaintiff and the Potential FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

55. Defendant knew or should have known of the FLSA's overtime payment requirements. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Potential FLSA Collective Members are entitled.

56. The exact total compensation, including overtime, that Defendant has failed to pay Named Plaintiff and the Potential FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in Defendant's possession or were otherwise not kept.

57. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the Potential FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the Potential FLSA Collective Members.

**COUNT II:**
**COMPS ORDER #39 – 7 CCR §§ 1103, *et seq.***

58. All of the preceding paragraphs are realleged as if fully rewritten herein.

59. This claim is brought under the COMPS Order #39, 7 CCR §§ 1103, *et seq.*

60. At all relevant times, Named Plaintiff and the Colorado Rule 23 Class Members have been employed by Defendant within the meaning of the COMPS Order.

61. Because Defendant was, at all relevant times, an employer within the meaning of the FLSA, it was also an employer within the meaning of the COMPS Order pursuant to 7 CCR § 1103-7-2.7.

62. The COMPS Order requires that employees receive overtime compensation at "time and one half of the regular rate of pay" for all hours worked over forty (40) per workweek.

63. Named Plaintiff and the Colorado Rule 23 Class Members regularly worked in excess of the maximum weekly hours permitted under the COMPS Order but were not paid overtime wages for all overtime hours worked because of Defendant's policies and/or practices described above.

64. Named Plaintiff and the Colorado Rule 23 Class Members were not exempt from the wage protections of the COMPS Order.

65. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Colorado Rule 23 Class Members were violations of the COMPS Order, and, as such, Defendant willfully withheld and failed to pay all of the overtime compensation to which Named Plaintiff and the Colorado Rule 23 Class Members were entitled.

66. For Defendant's violations of the COMPS Order, by which Named Plaintiff and the Colorado Rule 23 Class Members have suffered and continue to suffer damages, Named

Plaintiff and the Colorado Rule 23 Class Members seek unpaid overtime and other compensation, any statutory penalties, interest and attorneys' fees, and all other remedies available.

**COUNT III:**
**COLORADO WAGE ACT – C.R.S. §§ 8-4-101, *et seq.***

67. All of the preceding paragraphs are realleged as if fully rewritten herein.

68. At all relevant times, Named Plaintiff and the Colorado Rule 23 Class Members have been employed by Defendant within the meaning of C.R.S. § 8-104-101(5).

69. Because Defendant was, at all relevant times, an employer within the meaning of the FLSA, it was also an employer within the meaning of the CWA pursuant to C.R.S. § 8-104-101(6).

70. The CWA defines wages as "[a]ll amounts for labor or service performed by employees," regardless of whether "the amount is fixed or ascertained by the standard of time." Wages, as defined by the CWA, are governed by the same once the amounts are "earned, vested, and determinable." C.R.S. § 8-4-101(14)(a)(I)–(III).

71. Named Plaintiff and the Colorado Rule 23 Class Members worked in excess of forty (40) hours in an individual workweek and/or twelve (12) hours in a workday, which required pay at one-and-one-half times (1.5x) their regular rates of pay.

72. Once Named Plaintiff and the Colorado Rule 23 Class Members worked in excess of forty (40) hours in an individual workweek and/or twelve (12) hours in a workday, they were entitled to overtime compensation but were not paid for the same. As such, any overtime wages that Named Plaintiff and the Colorado Rule 23 Class Members were not paid are "wages" as defined by the CWA and therefore subject to the requirements of the CWA.

73. Named Plaintiff and the Colorado Rule 23 Class Members did not receive overtime premiums of one-and-one-half times (1.5x) their regular rates of pay for hours worked over forty (40) in a workweek and/or twelve (12) hours worked in individual workdays.

74. Defendant's conduct and practices, as described herein, have been willful and intentional.

75. Due to the unlawful acts alleged herein, Named Plaintiff and the Colorado Rule 23 Class Members seek unpaid wages, liquidated damages, costs, reasonable attorney's fees, pre-judgment interest, and all other remedies available.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Directing the prompt issuance of notice to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B. Certifying the proposed Colorado Rule 23 Class under the Colorado Acts;

C. Finding that Defendant failed to keep accurate records in accordance with the FLSA and the Colorado Acts, and, as a result, Named Plaintiff, the FLSA Collective, and the Colorado Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

D. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

E. Awarding to Named Plaintiff and the Colorado Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Colorado Acts;

F. Awarding to Named Plaintiff, the FLSA Collective Members, and the Colorado Rule 23 Class costs, disbursements, and reasonable allowances for fees as well as reimbursement of costs and expenses;

G. Awarding to Named Plaintiff, the FLSA Collective Members, and the Colorado Rule 23 Class such other and further relief as the Court deems just and proper;

H. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

I. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (56258)
Tristan T. Akers (OH Bar 0102298)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
takers@mcoffmanlegal.com

*Attorney for Named Plaintiff and those similarly situated*

**JURY DEMAND**

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman